IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| CENTRAL FLORIDA PIPELINE, LLC, | ) |
| | ) |
| Defendant. | ) |

**JOINT STIPULATION OF SETTLEMENT BETWEEN
PLAINTIFF UNITED STATES OF AMERICA AND DEFENDANT
<u>CENTRAL FLORIDA PIPELINE, LLC, AND ORDER OF DISMISSAL</u>**

WHEREAS, Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this action concurrently with this Stipulation of Settlement, alleging that Defendant Central Florida Pipeline, LLC ("Defendant") is liable for civil penalties under the Clean Water Act ("CWA"), 33 U.S.C. § 1251-1387, arising from a discharge of approximately 820 barrels of Jet A fuel oil on or about July 22, 2011 from a pipeline that Defendant owns and/or operates into Mango Creek, near the intersection of East Broadway Avenue and Williams Road in Mango, Hillsborough County, Florida (hereafter, the "July 2011 Discharge").

WHEREAS, the pipeline from which the discharge occurred is part of the Central Florida Pipeline system ("CFPL System"), which consists of a 110-mile, 16-inch diameter pipeline that transports gasoline and batched denatured ethanol, and an 85-mile, 10-inch diameter pipeline that transports diesel fuel and jet fuel. Each of these lines runs roughly from Tampa to Orlando, Florida. The discharge was from the 10-inch pipeline ("the Pipeline") which connects to Kinder

1

Morgan's terminal in Taft, Florida and is the sole pipeline supplying jet fuel to Orlando International Airport;

WHEREAS, Defendant neither admits nor denies Plaintiff's allegations;

WHEREAS, Defendant reported the July 2011 Discharge to the National Response Center on July 22, 2011, and updated EPA Office of Suspension and Debarment Division ("OSDD") on the status of the discharge while negotiating the Administrative Agreement that Defendant entered into with EPA OSDD on May 14, 2012;

WHEREAS, to resolve, in accordance with this Stipulation, the claims asserted in the Complaint regarding alleged violations of the CWA regarding the July 2011 Discharge, Defendant agrees to pay the sum of four hundred ninety two thousand dollars ($492,000);

WHEREAS, Defendant has taken the following steps to decrease the likelihood of other such discharges:

(1) terminated the contractors assigned to inspect third party activities near the pipeline right-of-way and retained new contractors;

(2) conducted training sessions for all control room controllers; and

(3) revised internal operating procedures for responding to unexplained discrepancies in "over/short" calculations, requiring a mandatory shutdown of any pipeline displaying such characteristics.

WHEREAS, the United States and Defendant (the "Parties") agree that settlement of this action without further expense and litigation is in the public interest and that entry of this Stipulation is the most appropriate means of resolving the instant matter.

NOW, THEREFORE, without adjudication or admission of any issue of fact or law, or any determination of liability, and upon consent and agreement of the Parties to this Stipulation, it is hereby AGREED, STIPULATED and ORDERED:

1. This Court has jurisdiction over the subject matter of this action pursuant to CWA Sections 309(b), 311(b)(7)(E) and (n), 33 U.S.C. §§ 1319(b), 1321(b)(7)(E) and (n), and 28 U.S.C. §§ 1331, 1345 and 1355. The Court has personal jurisdiction over the Parties. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a), as well as CWA Sections 309(b) and 311(b)(7)(E), 33 U.S.C. §§ 1319(b) and 1321(b)(7)(E), because it is the judicial district in which the discharge of oil occurred, and because Defendant conducts business in this judicial district. For purposes of this Stipulation, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Stipulation and any such action and over Defendant and consents to venue in this judicial district.

2. For purposes of this Stipulation, Defendant agrees that the Complaint states claims upon which relief may be granted.

3. Within 30 Days after the Effective Date, Defendant shall pay the sum of $492,000 as a civil penalty, together with interest at the rate specified in 28 U.S.C. § 1961 as of the date of lodging.

4. Defendant shall pay the civil penalty due by Fedwire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to Defendant by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Middle District of Florida after the Effective Date. Such monies are to be deposited in the Oil Spill Liability Trust Fund. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required

to be made in accordance with this Stipulation. The FLU will provide the payment instructions to:

>Jessica Toll, Esq,
>Assistant General Counsel
>370 Van Gordon Street
>Lakewood, Colorado  80228
>Telephone: (303) 914-7630
>email: Jessica_toll@kindermorgan.com

on behalf of Defendant.

5. The payment shall reference the CDCS number, the Civil Action Number assigned to this case and DOJ Number 90-5-1-1-10708, and it shall specify that the payment is made toward CWA civil penalties to be deposited into the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s) and 26 U.S.C. § 9509(b)(8).

6. At the time of payment, Defendant shall send notice that payment has been made to the United States and EPA as follows:

| | |
|---|---|
| As to the United States by email: | eescdcopy.enrd@usdoj.gov<br>Re: DJ # 90-5-1-1-10708 |
| As to the United States by mail: | EES Case Management Unit<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Re: DJ # 90-5-1-1-10708 |

|   |   |
|---|---|
| As to EPA by mail: | Marirose Pratt |
|   | Assistant Regional Counsel |
|   | Office of Regional Counsel |
|   | U.S. Environmental Protection Agency, Region 4 |
|   | 61 Forsyth Street, S.W. |
|   | Atlanta, GA 30303 |
|   | Telephone: (404) 562-9023 |
|   | Facsimile: (404) 562-9486 |
|   |   |
|   | EPA Cincinnati Finance Office |
|   | 26 Martin Luther King Drive |
|   | Cincinnati, OH 45268 |
| As to EPA by email: | acctsreceivable.CINWD@epa.gov |
|   | pratt.marirose@epa.gov |

Such notice shall state that the payment is for the civil penalty owed pursuant to the Stipulation.

    7.    If Defendant fails to pay the civil penalty when due, Defendant shall pay a stipulated penalty of $2,500 per day for each day that the payment is late. Payment of any stipulated penalties shall be made in accordance with the payment instructions in Paragraphs 4 and 5 above, except that Defendant shall specify that the payment is for stipulated penalties for late payment of the civil penalty and are to be deposited in the United States Treasury. Notice shall be made in accordance with Paragraph 6 above, except that Defendant shall specify that the payment is for stipulated penalties for late payment of the civil penalty and are to be deposited in the United States Treasury. The United States, in its sole and unreviewable discretion, may reduce or waive stipulated penalties otherwise payable to the United States under this Stipulation.

    8.    If Defendant fails to make any payment required in this Stipulation by the required due date, interest shall continue to accrue on the unpaid balance through the date of payment.

9. Defendant shall not deduct any civil or stipulated penalties paid under this Stipulation in calculating its federal or state income taxes.

10. All of the foregoing obligations shall apply to and are binding upon Defendant and its successors, and shall not be altered by any change in ownership or corporate status.

11. Each person signing this Stipulation represents that he or she possesses the full authority to bind the party on whose behalf he or she is signing to all terms of this Stipulation.

12. Entry of this Stipulation and payment of the penalty stated in Paragraph 3 and any applicable stipulated penalties and interest stated in Paragraphs 7 and 8 shall constitute full and final settlement of the civil claims of the United States for the Discharge incident and violations alleged in the Complaint filed in this action.

13. The United States reserves all legal and equitable remedies available to enforce the provisions of this Stipulation. This Stipulation shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the CWA or implementing regulations, or under other federal laws or regulations.

14. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to the CFPL System or Defendant's alleged violations other than those resolved in this proceeding, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 12.

15. This Stipulation constitutes a final judgment under Federal Rules of Civil Procedure 54 and 58, and it shall constitute an enforceable judgment in accordance with Rule 69 of the Federal Rules of Civil Procedure, and Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable authority. The United States shall be deemed a judgment creditor for purposes of collection of any unpaid amounts of the civil and stipulated penalties. Further, Defendant shall be liable for attorneys' fees and costs reasonably incurred by the United States to collect any amounts due under this Stipulation.

16. With regard to matters relating to this Stipulation and its enforcement and the filing of the Complaint, Defendant shall identify on the attached signature page the name, address, email address and telephone of an agent who is authorized to accept service of process on behalf of that entity with respect to all matters arising under or relating to this Stipulation and the filing of the Complaint. Defendant hereby agrees to accept service of process by email and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and in any applicable local rules of this Court, including, but not limited to, service of a summons.

17. Except as stated in Paragraph 15 of this Stipulation, each party shall bear its own costs and attorneys' fees related to this action.

18. Within 30 days of receipt of payment of all monies due under this Stipulation, the United States shall execute and file with this Court a stipulation that the Complaint be dismissed with prejudice.

19. This Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation.

AS AGREED AND STIPULATED TO BY THE PARTIES, IT IS SO ORDERED ON

THIS _____ DAY OF _____, 2016.

_____
UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of United States v. Central Florida Pipeline, LLC:

FOR PLAINTIFF UNITED STATES OF AMERICA

Dated: _____    */s/ Ellen M. Mahan*
Ellen M. Mahan
Deputy Chief
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC 20044-7611

Dated: _____    */s/ Rachael Amy Kamons*
Rachael Amy Kamons
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 514-5260 /
Facsimile: (202) 616-2427
Email: Rachael.Kamons@usdoj.gov

FOR PLAINTIFF UNITED STATES OF AMERICA (continued)

Dated: _____   For  _____
                                 A. LEE BENTLEY, III
                                 United States Attorney
                                 Middle District of Florida

Dated: _____        _____
                                 RANDY HARWELL
                                 Assistant United States Attorney
                                 Florida Bar No. 714623
                                 United States Attorney's Office
                                 Middle District of Florida
                                 400 North Tampa Street, Suite 3200
                                 Tampa, FL 33602
                                 Telephone: (813) 274-6000
                                 Facsimile: (813) 274-6358
                                 Randy.Harwell@usdoj.gov

/ This Portion of Page Intentionally Left Blank /

FOR PLAINTIFF UNITED STATES OF AMERICA (continued)

Dated: 6/6/16

*[signature]*

Mary J. Wilkes
Regional Counsel and Director
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303

Dated: 6/6/16

*[signature]*

Marirose J. Pratt
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 4
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W.
Atlanta, Georgia 30303-8960
Telephone: (404) 562-9023
Facsimile: (404) 562- 9486
Email: pratt.marirose@epa.gov


FOR DEFENDANT CENTRAL FLORIDA PIPELINE LLC

Dated: _____

Jessica Toll, Esq,
Assistant General Counsel
370 Van Gordon Street
Lakewood, Colorado  80228
Telephone: (303) 914-7630
Email: Jessica_toll@kindermorgan.com

Dated: _____

John Delianado, Esq.
Hunton & Williams
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Florida Bar Number: 499900
Telephone: (305) 536-2752
Email: jdelionado@hunton.com

FOR PLAINTIFF UNITED STATES OF AMERICA (continued)

Dated: _____    _____
Mary J. Wilkes
Regional Counsel and Director
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303

Dated: _____    _____
Marirose J. Pratt
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 4
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W.
Atlanta, Georgia 30303-8960
Telephone: (404) 562-9023
Facsimile: (404) 562-9486
Email: pratt.marirose@epa.gov

FOR DEFENDANT CENTRAL FLORIDA PIPELINE LLC

Dated: May 4, 2016    /s/ Jessica Toll
Jessica Toll, Esq,
Assistant General Counsel
370 Van Gordon Street
Lakewood, Colorado 80228
Telephone: (303) 914-7630
Email: Jessica_toll@kindermorgan.com

Dated: _____    _____
John Delianado, Esq.
Hunton & Williams
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Florida Bar Number: 499900
Telephone: (305) 536-2752
Email: jdelionado@hunton.com

FOR PLAINTIFF UNITED STATES OF AMERICA (continued)

Dated: _____    _____
Mary J. Wilkes
Regional Counsel and Director
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303

Dated: _____    _____
Marirose J. Pratt
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 4
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W.
Atlanta, Georgia 30303-8960
Telephone: (404) 562-9023
Facsimile: (404) 562-9486
Email: pratt.marirose@epa.gov

FOR DEFENDANT CENTRAL FLORIDA PIPELINE LLC

Dated: May 4, 2016    /s/ Jessica Toll
Jessica Toll, Esq,
Assistant General Counsel
370 Van Gordon Street
Lakewood, Colorado 80228
Telephone: (303) 914-7630
Email: Jessica_toll@kindermorgan.com

Dated: _____    _____
John Delianado, Esq.
Hunton & Williams
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Florida Bar Number: 499900
Telephone: (305) 536-2752
Email: jdelionado@hunton.com

FOR PLAINTIFF UNITED STATES OF AMERICA (continued)

Dated: _____

_____
Mary J. Wilkes
Regional Counsel and Director
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303

Dated: _____

_____
Marirose J. Pratt
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 4
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W.
Atlanta, Georgia 30303-8960
Telephone: (404) 562-9023
Facsimile: (404) 562- 9486
Email: pratt.marirose@epa.gov

FOR DEFENDANT CENTRAL FLORIDA PIPELINE LLC

Dated: _____

_____
Jessica Toll, Esq,
Assistant General Counsel
370 Van Gordon Street
Lakewood, Colorado  80228
Telephone: (303) 914-7630
Email: Jessica_toll@kindermorgan.com

Dated: _____

_____
John Delionado, Esq.
Hunton & Williams
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Florida Bar Number: 499900
Telephone: (305) 536-2752
Email: jdelionado@hunton.com

10